**JUVENILE COURT PROCEDURAL RULES COMMITTEE**
**FINAL REPORT[1]**

**Adoption of Pa.R.J.C.P. 205 and 1205; and**
**Amendment of Pa.R.J.C.P. 166, 167, 345, 1166, 1167, and 1345**

On December 12, 2019, the Supreme Court added and amended the Rules of Juvenile Court Procedure to facilitate the use of PACFile in delinquency and dependency proceedings.

PACFile is a statewide electronic filing system based on the e-filing system used in the appellate courts. The PACFile system provides the ability to file documents with the courts electronically on new and existing cases. It is currently available for filings in appellate, criminal, delinquency, and dependency proceedings. These rules were modeled in large part after similar procedures provided in the Pennsylvania Rules of Criminal Procedure for the use of PACFile.

The PACFile rule for delinquency submissions is in Chapter 2, Part A (Commencement of Proceedings) as new Rule 205. The dependency rule analog is new Rule 1205. Within these rules are the main provisions for electronic filing. The basic statement of authority for establishing local e-filing is contained in paragraph (A). Paragraph (B) lists the contents of the local rule required to establish electronic filing locally. Paragraph (C) is a definitional section. Paragraph (D) provides the procedures for establishing participation in the system. Paragraph (E) discusses the filing and receipt of documents. Paragraph (F) contains provisions regarding electronic signatures. Paragraph (G) permits, with some exceptions, paperless files. Paragraph (H) contains service provisions.

Paragraph (A) of new Rules 205 and 1205 provides the general scope of the procedures. Electronic filing is not required in every judicial district, but rather available as a local option. Therefore, the rules provide that a judicial district's use of electronic filing is voluntary. Those judicial districts wishing to participate in electronic filing are required to create a local rule permitting electronic filing within the judicial district. Additionally, any judicial district desiring to "opt-into" electronic filing must consult with AOPC and agree upon an implementation plan to ensure that AOPC resources are not overtaxed should a large number of judicial districts decide to opt-in at one time.

Notably, Pa.R.Crim.P. 576.1(B)(2) requires a two-year period of PACFile use before a judicial district can make participation in the system mandatory. Rule 205(B)(2)

---

[1]     The Committee's Final Report should not be confused with the official Committee Comments to the rules. Also note that the Supreme Court does not adopt the Committee's Comments or the contents of the Committee's explanatory Final Reports.

contains a similar requirement, but allows a judicial district to use the date of authorization established by Pa.R.Crim.P. 576.1(B)(2). Rule 1205(B)(2) contains a two-year waiting period before participation can be mandated.

The Committee was aware that some judicial districts have already implemented PACFile for either delinquency filings, dependency filings, or both. The publication report advised that if a judicial district wished to seek a waiver of the two-year optional window in Rule 205(B)(2) and Rule 1205(B)(2), and make participation mandatory upon the adoption of these proposed rules, then the judicial district should submit a request to the Committee by the public comment deadline. The publication report indicated that any timely waiver requests would be submitted to the Court for consideration together with the proposed rules.

The Fifth Judicial District submitted such a waiver. As indicated in the request, the Allegheny County Family Division - Juvenile Section implemented mandatory electronic filing through PACFile for delinquency matters in 2015 and dependency matters in 2010. Filed contemporaneously with this rulemaking is an order granting the requested waiver.

Paragraph (C) of new Rules 205 and 1205 contains definitions of various terms used in the rules. One of these is a definition of "original document" that includes the electronically filed version of the document as the original. However, the definition makes it clear that electronic copies of exhibits would not be considered originals. This is consistent with Rule of Evidence 1002 (Requirement of the Original).

Post-publication, paragraph (C) was revised to clarify that "legal paper" is defined to include copies of exhibits, but does not include the original exhibits offered into evidence. This revision was intended to reinforce that PACFile is not to be used for the storage of evidence.

Paragraph (D) describes how individual participation in electronic filing is initiated. Participation requires that a user establish an account in the PACFile system. For *pro se* parties, there is a requirement for an authorization process based on a similar provision contained in the local rule for electronic filing in the appellate courts. The establishment of an account constitutes consent to participate in electronic filing including receipt of service of filed documents. The extent to which this consent may extend to include other cases the participant may also be involved with is subject to the authorization of AOPC.

While the rules generally provide that participation in electronic filing is voluntary (expect in those counties that choose to make it mandatory), a party who has agreed to participate in electronic filing is permitted to file legal papers in a physical paper format. However, any party that agrees to participate in electronic filing must accept service

electronically.  Paragraph (D)(3) therefore includes a statement regarding participation that permits a participating party to file either in a physical paper format or electronically.

Paragraph (E) contains provisions related to the filing and receipt of legal papers. The electronic filing system will record the time that a document is submitted as well as the time when the document is accepted by the filing office.  Notice may be sent to parties selected by the filer when the document is submitted.  Notice also may be served on selected parties when the document has been accepted.  Therefore, the definition for "filing," contained in paragraph (E)(5), states that filing occurs when the acceptance is made but that once accepted, the time and date of filing shall relate back to the time of submission.  However, if the legal paper does not meet the requirements for filing, such as not having the correct docket number or not having paid the applicable filing fee, the filing may be rejected in the same manner in which a physical paper filing may be rejected. In this situation, the time and date of original submission still would be recorded in case there is a dispute regarding whether the document should have been accepted upon submission.

Electronic signatures are sufficient for the filing of most legal papers.  Included in paragraph (F)(2) is a provision for motions and answers that specifically states that an electronic filing containing an electronic signature constitutes certification that the filer has read the document and to the best of their knowledge, information and belief, there is good ground to support the motion or answer, and that it is not interposed for delay. Motions supported by a sworn affidavit require the affidavit to be prepared and signed and then scanned into the system for filing.  The provision was included in paragraph (F)(3).

Paragraph (H) describes how service of electronically filed documents is achieved. The PACFile system provides notice to other parties to a case both when a document is submitted to the system and when the document is accepted.  The document will be visible to the other parties to the case upon submission.  Since the time of filing of a document, once accepted, will be from the time and date of submission, the notice that the document has been submitted will constitute service as required under Rules 167(B), 345(B), 1167(B), and 1345(B).  As indicated in the commentary, service pursuant to paragraph (H) is not intended to satisfy the notice requirements necessary to obtain a bench warrant pursuant to Rule 140 or Rule 1140.

Correlative amendments have also been made to other rules to facilitate use of PACFile.  Amendments to reference Rule 205 were made to Rules 166, 167, and 345. For dependency rules, corollary amendments to reference Rule 1205 were made to Rules 1166, 1167, and 1345.

The new and amended rules will become effective June 1, 2020.

3